FILED
September 24, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____D. Trujillo_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
El PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § **Plaintiff,** § § v. § § **(1) SUSANA GUADIAN,** §    a.k.a. Elia Susana Avila-Vegas § **(2) DIANNE GUADIAN,** § **(3) DANIEL GUADIAN,** §    a.k.a. Daniel Guadian-Aguilera, §    and § **(4) MANUEL VALENZUELA,** §    a.k.a. Manuel Valenzuela-Alvarado, § § **Defendants.** § | **I N D I C T M E N T** <br><br>**CT 1**: 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), and (a)(1)(B)(i) – Conspiracy to Transport Aliens; <br>**CT 2- CT 5**: 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 – Bringing Aliens without Authorization for Financial Gain; Aiding and Abetting. <br><br>EP-25-CR-02180-KC |

THE GRAND JURY CHARGES:

## COUNT ONE

Beginning on or about March 1, 2023, and continuing to at least August 30, 2025, in the Western District of Texas, and elsewhere, the Defendants,

**(1) SUSANA GUADIAN,**
a.k.a. Elia Susana Avila-Vegas
**(2) DIANNE GUADIAN,**
**(3) DANIEL GUADIAN,**
a.k.a. Daniel Guadian-Aguilera, and
**(4) MANUEL VALENZUELA,**
a.k.a. Manuel Valenzuela-Alvarado,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others known and unknown to the Grand Jury, to commit an offense against the United States, namely: to transport and move and attempt to transport and move aliens within the United

States knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of law, said transportation being in furtherance of said violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i).

## COUNT TWO

On or about August 13, 2024, in the Western District of Texas, and elsewhere, Defendants,

**(1) SUSANA GUADIAN,**
a.k.a. Elia Susana Avila-Vegas, and
**(2) DIANNE GUADIAN,**

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, A.F.E.H., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about October 17, 2024, in the Western District of Texas, and elsewhere, Defendants,

**(1) SUSANA GUADIAN,**
a.k.a. Elia Susana Avila-Vegas
**(2) DIANNE GUADIAN,**
**(3) DANIEL GUADIAN,**
a.k.a. Daniel Guadian-Aguilera, and
**(4) MANUEL VALENZUELA,**
a.k.a. Manuel Valenzuela-Alvarado,

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, R.J.M.E., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and

private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about October 17, 2024, in the Western District of Texas, and elsewhere, Defendants,

**(1) SUSANA GUADIAN,**
a.k.a. Elia Susana Avila-Vegas
**(2) DIANNE GUADIAN,**
**(3) DANIEL GUADIAN,**
a.k.a. Daniel Guadian-Aguilera, and
**(4) MANUEL VALENZUELA,**
a.k.a. Manuel Valenzuela-Alvarado,

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, J.A.G.S., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT FIVE

On or about October 17, 2024, in the Western District of Texas, and elsewhere, Defendant,

**(1) SUSANA GUADIAN,**
a.k.a. Elia Susana Avila-Vegas
**(2) DIANNE GUADIAN,**
**(3) DANIEL GUADIAN,**
a.k.a. Daniel Guadian-Aguilera, and
**(4) MANUEL VALENZUELA,**
a.k.a. Manuel Valenzuela-Alvarado,

and others known and unknown to the Grand Jury, aiding and abetting each other, knowing and in reckless disregard of the fact that an alien, namely, S.C., had not received prior official authorization to come to, enter and reside in the United States, did bring and attempt to bring to the United States, in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and for the purpose of commercial advantage and

private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Transportation of Aliens Violation and Forfeiture Statutes
[Title 8 U.S.C. §§ 1324(a)(1)(A)(v)(I),  (a)(1)(A)(ii), (a)(1)(B)(i) and 1324(a)(2)(B)(ii), subject to forfeiture pursuant to Title 18 U.S.C. §§ 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth above, the United States of America gives notice to Defendants **(1) SUSANA GUADIAN, (2) DIANNE GUADIAN, (3) DANIEL GUADIAN,** and **(4) MANUEL VALENZUELA** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 982(a)(6)(A) and (B), and Title 8 U.S.C. § 1324(b)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 982. Criminal Forfeiture**
> **(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act or section 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title, or a violation of, or conspiracy to violate, section 1028 of this title if committed in connection with passport or visa insurance or use, shall order that the person forfeit to the United States, regardless of any provision of State Law—
> > **(i)** any conveyance, including any vessel, vehicle or aircraft used in the commission of the offense of which the person is convicted; and
> > **(ii)** any property real or personal—
> > > **(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
> > > **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.
>
> **(B)** The Court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.
>
> **Title 8 U.S.C. § 1324(b) Seizure and Forfeiture**
> (1) In general

Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

This Notice of Demand of Forfeiture includes but is not limited to the money judgment in Paragraph II.

## II.
## Money Judgment

A sum of money that represents the amount of proceeds obtained by the Defendants, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offense, for which Defendants **(1) SUSANA GUADIAN, (2) DIANNE GUADIAN, (3) DANIEL GUADIAN,** and **(4) MANUEL VALENZUELA** are individually liable.

### Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by the Defendants, up to the value of said money judgment, as substitute assets pursuant to Title 21

U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

_____
FOREPERSON

JUSTIN R. SIMMONS
United States Attorney

By: _____
Adam R. Hines
Assistant United States Attorney

MATTHEW R. GALEOTTI
Acting Assistant Attorney General
Criminal Division
Department of Justice

By: _____
Bethany Allen
Trial Attorney
Human Rights and Special Prosecutions Section